UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALIHUSSIAN BARNES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:19-cv-398

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a

decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed protective applications for DIB and SSI on April 12, 2013, alleging that he had been disabled since March 1, 2009, due to rectal bleeding and bowel trouble. (PageID.216, 225.) Plaintiff was 45 years old at the time of the alleged onset date. (PageID.225.) Plaintiff had

previous employment as a maintenance worker.  (PageID.70.)  On September 11, 2014, Administrative Law Judge (ALJ) Michael S. Condon held a hearing on Plaintiff's claim, at which Plaintiff amended his alleged onset date to June 25, 2013.  (PageID.66–67.)  On October 31, 2014, ALJ Condon issued a decision finding that Plaintiff was not disabled.  (PageID.48–57.)  The Appeals Council denied Plaintiff's request for review on April 18, 2016.  (PageID.22–25.)  Plaintiff sought review by this Court pursuant to 42 U.S.C. § 405(g).  On April 21, 2017, Judge Gordon Quist entered an Opinion and Judgment remanding the case to the Commissioner to reevaluate Plaintiff's credibility.  *Barnes v. Comm'r of Soc. Sec.*, No. 1:16-CV-779 (W.D. Mich. June 21, 2017).  (ECF Nos. 14 and 15.)

On November 20, 2017, ALJ Condon conducted a hearing and received testimony from Plaintiff, a vocational expert, and Howard S. Shapiro, M.D., an impartial medical expert.  (PageID.105.)  The ALJ recognized that, although the matter had been remanded for consideration of Plaintiff's credibility, as of March 28, 2016, credibility was no longer an issue, and instead, the ALJ was required to evaluate the claimant's statements in light of their overall consistency with the evidence in the record.[1]  (*Id.*)  On January 31, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled within the meaning of the Act.  (PageID.105–117.)  The Appeals Council denied Plaintiff's request for review on October 23, 2018.  (PageID.92–95.)  The ALJ's decision thus became the Commissioner's final decision.

---

[1] Pursuant to SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016), applicable to cases decided after March 16, 2016, an ALJ no longer evaluates a claimant's "credibility," although the procedures under the existing and former rules are "substantially the same" and case law regarding evaluation of a claimant's credibility under the former rule (SSR 96-7p) is still relevant to the whether an ALJ properly evaluated a claimant's subjective symptoms.  *Banks v. Comm'r of Soc. Sec.*, No. 2:18-cv-38, 2018 WL 6060449, at *5 (S.D. Ohio), *report and recommendation adopted*, 2019 WL 187914 (S.D. Ohio Jan. 14, 2019).

20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on May 20, 2019.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform her previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

Initially, the ALJ found that Plaintiff was insured under the Act through December 31, 2013, and had not engaged in substantial gainful employment since the amended alleged onset date.  (PageID.107.)  Thus, Plaintiff was required to establish that he was disabled prior to December 31, 2013.  *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

At the second step, the ALJ determined that Plaintiff suffered from the following severe impairments: (1) diverticulosis/diverticulitis, with history of colon perforation and surgically removed abscess; and (2) chronic anal fissure.  (PageID.107.)  The ALJ found that Plaintiff's hypertension and coronary artery disease were well controlled and/or minimally limited Plaintiff's ability to work and, therefore, were not severe impairments.  (PageID.108.)  At the third step, the ALJ determined that Plaintiff did not have an impairment that, when considered alone or in combination with other impairments, met or equaled the requirements of an impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.108.)

With respect to Plaintiff's residual functional capacity (RFC), the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), as follows:

> [Could] lift and/or carry up to 20 pounds occasionally; sit for a total [of] seven hours in an eight-hour workday for 30 minutes at a time; stand for up to four hours total in an eight-hour workday and for 30 minutes at a time; walk for up to two hours total in an eight-hour workday for 30 minutes at a time; can occasionally reach overhead and frequently reach in all other directions; frequently handle, finger, and feel; occasionally operate foot controls with either lower extremity; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; no exposure to unprotected heights; [can] frequently operate or work around moving mechanical parts; occasionally operate motor vehicles; frequent exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants, and temperature extremes; occasional exposure to vibration; and exposure to nothing more than loud noise levels.

(PageID.108.)  The ALJ determined that this RFC finding was supported by Plaintiff's treatment records/medical evidence and the opinion evidence.

The ALJ noted that Plaintiff underwent a sphinectomy in 2009 and diverticular abscess drainage in the pelvis in 2010.  (PageID.756, 794–95, 805.)  The abscess was considered completely resolved following the procedure.  (PageID.791.)  No significant follow-up was recommended.  (PageID.634–35.)  Plaintiff was not hospitalized for diverticulitis after his amended onset date.  (PageID.172–73.)  In February 2013, Plaintiff reported to his primary care physician, Jean B. Thomas, M.D., symptoms relating to diverticulitis that were aggravated during bowel movements.  Dr. Thomas commented that Plaintiff's symptoms were "moderate" in nature.  Because Plaintiff declined the doctor's offer to perform a rectal exam, Dr. Thomas made no positive objective findings.  (PageID.726–27.)  Treatment notes from subsequent examinations indicated that Plaintiff had a chronic anal fissure and some fecal incontinence and noted that Plaintiff had complained of some mild left lower quadrant abdominal pain, but generally reported normal findings.  (PageID.705, 737, 744–47, 761–62.)  In July 2013, Plaintiff saw Richard E. Burney, M.D., at the University of Michigan.  Plaintiff reported he was pain-free that day.  On examination, Dr. Burney elicited some tenderness, but his findings were normal.  Dr. Burney concluded that Plaintiff had chronic anorectal pain that was likely related to muscle contraction or

spasm.  He knew of no surgical solution for the problem and prescribed a medicated ointment to help relax Plaintiff's rectal muscles.  (PageID.737.)  During a September 2013 visit with Dr. Thomas Plaintiff did not report any subjective symptoms, and the physical examination was normal.  (PageID.786.)

During 2014, Plaintiff continued to report chronic severe rectal pain, even though his providers consistently reported normal examination findings.  (PageID.770–72, 774–76.)  In addition, despite complaints of frequent bleeding, laboratory tests showed that Plaintiff was not anemic and that his blood work was unremarkable.  (PageID.813.)  Plaintiff returned to the University of Michigan in March 2016 following an extensive gap in treatment.  Although Plaintiff complained of severe rectal pain, the doctor was unable to perform a rectal exam as Plaintiff clenched his buttocks tightly.  The doctor recommended an examination under anesthesia and a colonoscopy.  (PageID.873–75.)  In September 2016, following an unremarkable colonoscopy, Plaintiff met with pain specialist Daniel Berland, M.D.  Dr. Berland performed a limited rectal exam but found only evidence of a small hemorrhoid and some tenderness, but no evidence of an anal fissure.  Dr. Berland believed that Plaintiff's reported pain was atypical in nature and that it might have a psychological origin.  (PageID.928–29.)  On October 26, 2017, Michael Geoghegan, D.O., conducted a consultative examination of Plaintiff.  Dr. Geoghegan reported generally normal findings, with no specific findings supporting Plaintiff's allegations of disabling pain.  (ECF No. 837–38.)

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms inconsistent with the medical record and other evidence.  For example, the ALJ noted that Plaintiff testified at the 2017 hearing that he had had few flare-ups of his diverticulitis and had not been hospitalized for his conditions after his amended alleged onset date.

(ECF No. 146-47, 172–73.) The ALJ further noted that, in spite of Plaintiff's reported periods of diarrhea and occasional incontinence, he admitted that the did not take any medication for his diverticulitis and did not wear any special undergarments to control the reported incontinence. (PageID.146.) The ALJ also noted that, in spite of Plaintiff's claim at the 2017 hearing that he was waiting to see what his doctors could do to alleviate his rectal pain so that he could return to work, Plaintiff did not have any doctor appointments scheduled. (PageID.110.) Finally, the ALJ found that the consistent lack of objective medical findings and gaps in his treatment were at odds with Plaintiff's allegations of disabling pain. (PageID.112–13.)

As for the opinion evidence, the ALJ gave significant weight to the opinion of consultative examiner Dr. Geoghegan. (PageID.113.) The ALJ further noted that Dr. Shapiro, who testified at the hearing, provided a functional capacity assessment that was consistent with that of Dr. Geoghegan for a somewhat reduced range of light work. (PageID.114.) Finally, the ALJ declined to give the September 2014 opinion of Dr. Thomas, Plaintiff's primary care physician, more than minimal weight because the opinion was inconsistent with the medical evidence of record, was based almost exclusively on Plaintiff's subjective statements, and Plaintiff admitted at the 2017 hearing that he could do more than indicated by Dr. Thomas's opinion. (PageID.114–15.)

Based on his RFC finding and Plaintiff's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work. (PageID.115.) However, at the fifth step, the ALJ found that, based on testimony from the vocational expert, there existed approximately 476,000 jobs in the national economy that an individual of Plaintiff's age and with his education, work experience, and RFC could perform. (PageID.116.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**DISCUSSION**

In his brief, Plaintiff does not argue that the ALJ's decision was deficient or erroneous in any respect. Instead, he cites his impairments and requests that the Court award him benefits. (ECF No. 13 at PageID.1038–39.) However, as noted above, the Court's function on appeal is to determine whether the ALJ's decision is supported by substantial evidence. The Court does "not try the case *de novo*." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Moreover, this Court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine . . . whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Holon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Nonetheless, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision in this matter is in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, the Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 8, 2020                                   /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge